ALEXANDER MOODY v. UNITED STATES.

No. 768, Ind. T.    Opinion Filed September 7, 1909.

(103 Pac. 862.)

1.    APPEAL—Sufficiency of Evidence.    Where a defendant has been properly indicted and fairly tried and convicted, this court will not reverse the conviction, upon the ground that the evidence does not sustain the verdict, if there is in the record any evidence from which the jury could legitimately draw the conclusion that the defendant was guilty.

2.    ROBBERY—Evidence.    For facts sustaining a conviction of robbery, see opinion.

3.    APPEAL—Presumption.    Every presumption must be indulged in favor of the regularity of proceedings in courts of record. .

(Syllabus by the Court.)

*Appeal from the United States Court for the Western District of the Indian Territory; Wm. R. Lawrence, Judge.*

Alexander Moody was convicted of robbery, and appeals. Affirmed.

*W. F. Schuermeyer,* for appellant.

*W. C. Reeves,* Asst. Atty. Gen., for the United States.

FURMAN, PRESIDING JUDGE.    Only one question is submitted to this court in the brief of counsel for the defendant, and is stated in the brief as follows:

"This case is presented to this court for consideration on the question of sufficiency of evidence to sustain the indictment and for variance.    All the assignments of error may properly be considered together.    The indictment is for robbery.    The property taken is described as follows: 'The following money of the paper currency of the United States of America, to wit, two treasury notes, two national bank notes, two gold certificates, two silver certificates, of the denomination and value of $10 each; two treasury notes, two national bank notes, two gold certificates, two silver certificates, of the denomination and value of $5 each.' "

The statement in the brief of the descriptive  part of the in-

dictment is defective, in that it omits the following allegations, which is contained in the indictment:

"A more particular description of all of said money being to the grand jurors unknown."

This case appears to have been very carelessly tried by counsel on both sides. The entire testimony in the record is as follows:

"Whereupon to sustain the issues on its behalf the plaintiff introduced the following evidence: Sam Drew, called as a witness on the part of the plaintiff, being first duly sworn, testifies as follows: 'My name is Sam Drew. I live at Tallehasse, Ind. T. On July 18, 1905, Henry Nelson, Sandy Wilkerson, and the defendant, Alex Moody, stopped me behind a little restaurant at Porter, Ind. T., and tried to get me to buy and drink some Peruna with them. Henry Nelson grabbed my pocketbook out of my pocket, while the other two were holding me. Sandy Wilkerson and Alex Moody had hold of my arms. There was a $20 bill in my pocket. I never got my money back.' Solomon Jackson, called as a witness on the part of the plaintiff, being first duly sworn, testifies as follows: 'My name is Solomon Jackson, I live at Tallehasse, Ind. T. I am a brother-in-law of Sam Drew. I was in Porter, Ind. T., on the 18th day of July, 1905. I was present at the restaurant with Henry Nelson, Sandy Wilkerson, Alex Moody, and Sam Drew just before this trouble took place, and went off to get some change. When I came back, Sam Drew told me he had lost his money, and he pointed to Alex Moody, Sandy Wilkerson, and Henry Nelson as the ones who took his money, and told me that they took his money.'"

It appears that the defendant's counsel did not cross-examine the witnesses for the government, and offered no testimony for the defendant. The jury having found the defendant guilty, it is our duty to determine as to whether or not there is any evidence in the record which supports the verdict.

The contention of counsel for the defendant is that the testimony of Sam Drew that there was a $20 bill in his pocket and that he never got his money back does not support the charge made. Counsel state their position in their brief as follows:

"We contend, first, that the evidence must sustain the allegation that money of the paper currency of the United States of

America was taken. The only evidence going to the description of the money taken is where Sam Drew states 'there was a $20 bill in my pocket.' "

We cannot agree with this statement. The witness Drew said: "I never got my money back." The witness Jackson testified: "When I came back, Sam Drew told me he had lost his money, and he pointed to Alex Moody, Sandy Wilkerson, and Henry Nelson as the ones who took his money."

But it may be said that this was hearsay, and was therefore not competent evidence. No such objection was made to the admission of this evidence in the trial court; neither is such an objection made in this court. Having allowed this testimony to go to the jury without objection, defendant cannot be permitted to escape its force now. Even if it had been objected to at the trial, we think that it was admissible as a part of the *res gestae*. It was made at the place of the robbery and within a few moments thereafter and appears to have been a spontaneous declaration, springing out of and throwing light upon the main transaction. So it is clear that the witnesses were testifying with reference to the loss of a $20 paper bill which constituted money. This was admissible under the general descriptive allegation, contained in the indictment, which was omitted in the statement made in the brief of counsel for the defendant. The indictment did specifically describe some money charged to have been taken, and then contained the further general allegation referred to.

It is clear that at the trial it was understood by all parties that the witnesses were testifying to the loss of money. Counsel for the defendant tacitly admitted this fact by failing to cross-examine the witnesses. We know that some courts have gone to an absurd extreme upon the question of descriptive averments in indictments and the necessity of proving such averments with the nicest particularity. Many of these decisions appear to our minds as attaining the folly of reason. We will not discuss this matter in detail now, as it is not necessary to do so, in the light of the plain meaning of the evidence in this case. It would have been

better for the prosecuting attorney to have identified the $20 bill more fully, and we do not desire to be understood as indorsing such carelessness on his part; but at the same time we believe that there was enough evidence before the jury to warrant them in believing that the bill referred to was a $20 bill of United States currency, and, as this is the only question raised, we cannot sustain the contention of the defendant.

The indictment is in the language of the statute, and contains all other necessary allegations. The judgment of the court is regular. The record does not contain the charge of the court. We are therefore warranted in believing that the rights of the defendant were fully protected, and that the jury was properly instructed as to all legal questions involved. Before a defendant is tried, all of the presumptions of law and fact are favorable to him. But when he has been properly indicted and fairly tried, and the testimony is susceptible of a construction which will sustain a verdict of conviction, it is our duty to sustain the verdict, unless something appears in the record which shows that the defendant has been deprived of a substantial right. In other words, every presumption must be indulged in favor of all proceedings in courts of record, and unless it appears that the defendant was deprived of some substantial right, or some jurisdictional error appears upon the face of the record, this court will not disturb a verdict of guilty, upon the mere possibility that error may have occurred.

Affirmed.

DOYLE and OWEN, JUDGES, concur.

---

## ON MOTION FOR REHEARING.

### Denied.

(a) **APPEAL—Doctrine of Harmless Error.** This court did not originate the doctrine of harmless error. It is simply enforcing a principle of law as old as the American system of criminal jurisprudence, which is recognized in theory by all appellate courts, but not enforced by many of them.

(b) **ROBBERY—Evidence—Identification of Money.** The character of the money described in an indictment in a case of robbery may be proven by circumstances as well as by positive identification, and where the circumstances of the trial show that no issue was made before the jury on this question, and the defendant's counsel tacitly admitted that the money with reference to which the witnesses were testifying was the kind described in the indictment, and the circumstances of the trial clearly show, from evidence admitted without objections, that the jury and the witnesses understood that the testimony was with reference to this kind of money, and the evidence sustains the verdict, a conviction will not be reversed on account of purely technical defects in the identification of the money described in the indictment.

(c) **APPEAL—Review—Harmless Error.** Appellate courts, in reviewing the action of trial courts upon questions of practice, should base their decisions upon substance rather than upon shadows, upon justice rather than upon technicalities, and when there is undisputed testimony in a record from which the jury could legitimately draw the conclusion that the defendant is guilty, the verdict should not be disturbed, because all purely technical rules were not rigidly complied with, when it does not appear from the record that the defendant was thereby deprived of some substantial right.

(Syllabus by the Court.)

PER CURIAM. With a single exception the motion for a rehearing is but a repetition of the brief originally filed in the case. All of the questions presented were carefully considered by the court in the original opinion. Nothing has been suggested which alters the conclusions there arrived at. The new matter suggested is that as this case arose under the laws of Arkansas, then in force in Indian Territory, it was improper for this court to affirm the conviction when technical error appears in the record. The doctrine of harmless error, or error without prejudice, did not originate with this court. Practically all courts recognize the principle, while but few enforce it. It is as old as our American system of law.

In 12 Cyc. 910 the law is stated as follows:

"As a general proposition appellant or plaintiff in error, to obtain a reversal, must show not only that error occurred, but that he was substantially prejudiced thereby. Technical and nominal errors, therefore, and mere irregularities, not substantially

prejudicing the accused, may be disregarded on review by the appellate court."

This is supported by an overwhelming weight of authorities. It is in harmony with the statutes of Arkansas in force in the Indian Territory when the offense was committed. Section 2468 of the Statutes of Arkansas is as follows:

"The judgment shall only be reversed for errors of law, apparent in the record to the prejudice of the appellant."

According, then, to the laws of Arkansas, there must be prejudice, injury, or harm from a technical error before it could be ground for a reversal. This is our position precisely. There is nothing new or revolutionary about it. We are simply resetting the ancient landmarks and enforcing a principle which cannot be disputed, without doing great violence to justice, but which is too often lost sight of and disregarded by appellate courts. We are going to rigidly adhere to the views expressed in the Byers case, 1 Okla. Cr. 677, 100 Pac. 261, where it appears from the record that the defendant has been properly indicted and fairly tried and the evidence supports the verdict.

If counsel who represented the defendant on the trial of the case in the court below had been vigilant, a very different condition might have presented itself. The case was tried upon the idea, on both sides, that the twenty dollar bill was United States currency. There was no dispute upon this point. The evidence was admitted, without objection, upon this theory. The facts and circumstances of the case show conclusively that the lawyers on both sides and the witnesses themselves understood that they were testifying with reference to United States currency. In the light of the entire record the jury were warranted in so finding. In justice to the attorney who appears for the defendant in this court, we desire to state that we have his assurance that he did not participate in the trial of this case in the court below; therefore no responsibility or blame attaches to him for the condition of the record.

The · evidence amply warranted the jury in the verdict rendered. The motion for a rehearing is therefore denied.