## H. H. WARD v. STATE.

No. A-5483. Opinion Filed May 22, 1926.
(246 Pac. 664.)

H. S. Hines, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was convicted in the district court of Kay county on a charge of robbery, and sentenced to confinement in the state penitentiary for a term of 25 years.

The several assignments of error are argued in the briefs, one of which assigns error of the trial court in overruling the demurrer to the amended information, which, under the view we take of the law, will dispose of the case. The other assignments of error probably will not arise again and will not be discussed. The charging part of the information is:

"* * * One H. H. Ward, * * * then and there being, did then and there unlawfully and feloniously rob and take from the possession of A. L. Bogan, doing business as the Murray Theater, of Ponca City, Okla., by the felonious use and means of certain firearms, to wit, pistols and revolvers, the sum of $850.00 good and lawful money of the United States of America; the said personal property being then and there the property of the said Murray Theater and the said Murray Theater being then and there attended by one Fred Pickeral as manager; and while the said Fred Pickeral was in fear of immediate injury to his person by reason of said firearms so had and held and used by the said defendants H. H. Ward, * * * contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

To this amended information a demurrer was filed challenging its sufficiency as not stating facts sufficient to constitute a public offense and as being duplicitous.

"Robbery" is defined by section 1784, Comp. St. 1921, as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immedi-

ate presence and against his will, accomplished by means of force or fear."

This section was amended by section 1 of chapter 85, Session Laws 1923, which section reads:

"That any person or persons, who, with the use of any firearms, or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence, bank, or other place, inhabited or attended by any person or persons at any time, either day or night, shall be deemed guilty of a felony, and upon conviction therefor shall suffer death, or imprisonment at hard labor in the state penitentiary for a time of not less than twenty-five (25) years, at the discretion of the jury."

This latter act is one of classification with an increased punishment where the crime is committed in a particular manner. It does not, however, change the definition of robbery as contained in section 1784, supra.

This court has adopted a very liberal rule in construing pleadings in criminal cases. Under the sixth subdivision of section 2563, and sections 2564 and 2556, Comp. St. 1921, an indictment or information is sufficient which charges the act or omission in ordinary and concise language in such a manner as to enable a person of common understanding to know what is intended, and which so defines and identifies the offense that the accused, if convicted or acquitted, will be able to defend) himself if charged again for the same offense by pleading the record of such former conviction or acquittal. The tendency of the courts is to get away from a strict construction of criminal pleadings. The failure to use all the phraseology and technical language ordinarily used will not work a reversal in this court unless such failure appears prejudicial to an accused. We expect to follow and even extend the numerous holdings of this court to that effect.

Applying these general principles to the information

in this case, does it meet the requirements that a person of common understanding is able to know the circumstances of the offense sought to be charged? The information does not follow the statute. It does not allege a "wrongful" taking nor a taking "against the will." These words, however, are sufficiently comprehended in the words "unlawfully and feloniously." It does not allege that the taking was from the "person or immediate presence." It is to be doubted if this essential allegation is covered by the allegation that it was then and there taken from the possession of another by the use of and by means of firearms. Property not at the time on the person or in the immediate presence may be taken from the possession of another, in which case the offense would be larceny and not robbery. Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Monagham v. State, 10 Okla. Cr. 89, 134 P. 77, 46 L. R. A. (N. S.) 1149.

The information is not definite and does not clearly allege from whom the property was taken. It alleges that the property was in the possession of A. L. Bogan; but it further alleges Fred Pickeral, manager of the Murray Theatre, was the person in fear. Just how the putting of one person in fear would have any connection with taking property from the possession of another is not apparent. We are not able to determine from whom the pleader is attempting to charge the money was taken. We assume the pleader meant to allege that the money taken was the property of A. L. Bogan, doing business as the Murray Theater, and that it was taken from the possession of Pickeral by putting him in fear; but the information does not so state. The ownership of the money taken was not particularly important. It was not material whether the money belonged to Pickeral or Bogan, and the information is not helped by the allegations in reference to the Murray Theater and its manager, since under the statute it would have

been entirely proper to have charged the money was taken from Pickeral, if such were the facts, and proof that the money taken was in his possession as manager of the Murray Theater would have been sufficient to sustain the information on this point, although the actual ownership of the money might have been in some third person. See Moody v. U. S., 2 Okla. Cr. 662, 103 P. 862, 1039; Rasberry v. State, 4 Okla. Cr. 613, 103 P. 865; Hill v. State, 19 Okla. Cr. 406, 200 P. 253.

The drawing of an information charging robbery is not difficult. A casual inspection of the statutes would suggest allegations for the charging part of the information according to the facts, about as follows:

"That H. H. Ward * * * wrongfully and feloniously, by the use of firearms, to wit, a pistol, did take from the person, immediate presence and possession of A. L. Bogan (or Fred Pickeral, as the facts may be,) and against his will, certain personal property, to wit, the sum of $850.00, lawful money of the United States of America. The said taking being accomplished by force and by pointing the said pistol at the body of him, the said Bogan (or Pickeral), thereby putting the said Bogan (or Pickeral) in fear of immediate, unlawful injury to his person, * * * contrary, etc. * * *"

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.