## Ex parte J. W. KING.

No. A-6913.    Opinion Filed Dec. 8, 1928.
(292 Pac. 389.)

Sigler & Jackson, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  This is an original proceeding in habeas corpus.  Petitioner alleges that he is illegally restrained of his liberty by the warden of the state penitentiary; that a judgment was rendered in the district

court of Kay county under which he was convicted of the crime of robbery with firearms; that the judgment and sentence and commitment are illegal and void; that the information did not state any crime whatever; and that the court did not have jurisdiction.

Defendant was jointly charged in the district court of Kay county with H. H. Ward. Ward was convicted, and appealed to this court, and the conviction was reversed, for the reason that the information was insufficient. Ward v. State, 34 Okla. Cr. 296, 246 P. 664.

The law is that, if the court which rendered the judgment had not jurisdiction to render it either because the proceedings under which they were taken were unconstitutional or for any other reason, the judgment is void, and may be attacked collaterally, and the person who is imprisoned thereunder may be dicharged on habeas corpus. Ex parte Nielsen, 131 U. S. 176, 182, 9 S. Ct. 672, 33 L. Ed. 118; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; Mackey et al. v. Miller (C. C. A.) 126 F. 161.

This court, following the general rule, has frequently held that the writ of habeas corpus cannot take the place of an appeal. Ex parte Flowers, 2 Okla. Cr. 430, 101 P. 860; Ex parte Cranford, 3 Okla. Cr. 190, 105 P. 367; Ex parte Shows, 4 Okla. Cr. 416, 113 P. 1062; Ex parte Wood, 21 Okla. Cr. 252, 206 P. 541; Ex parte Stover, 14 Okla. Cr. 120, 167 P. 1000; Ex parte Lyde, 17 Okla. Cr. 618, 191 . 606.

In the Lyde Case this court held:

"The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the offense and of the person convicted? Or did the court in the course of the proceedings which

resulted in the judgment lose jurisdiction to render a valid judgment and sentence?"

In the Show Case, supra, it was said:

"The general rule is that the writ of habeas corpus may not be used, either before or after conviction, to test the sufficiency of an indictment or information; but the rule is subject to the qualification that when the accusation is not merely defective or technically insufficient, not merely demurrable or subject to a motion to quash, but is fundamentally defective in substance, so that it charges a crime in no manner or form and by no intendment, a party in custody to answer thereto, or after conviction thereon, will be discharged on habeas corpus."

Here the information, attempting to charge defendant with the crime of robbery by firearms, was defective, indefinite, and insufficient, and demurrer thereto should have been sustained. On appeal this court would have reversed the judgment for insufficiency of the information, as was done in the companion case of Ward v. State, supra. Yet, while the information is defective, still by intendment it can be determined what the pleader intended to charge. The information can be made by amendment to properly charge the offense attempted to be charged. See Ex parte Kennedy, 10 Okla. Cr. 648, 135 P. 1194. This court in effect held in the Ward Case, supra, that the information was demurrable only, and could be amended; that is, the information was defective and technically insufficient, but was not so fundamentally defective in substance as to charge a crime in no manner or form and by no intendment.

The writ is denied.

DOYLE, P. J., and DAVENPORT, J., concur.