## JOE S. GUEST v. STATE.

No. A-8718. Aug. 3, 1934.
(34 Pac. [2d] 1082.)

Melton & Melton, for plaintiff in error.

J. Berry King, Atty. Gen. (Smith C. Matson, Asst. Atty. Gen., and Hester Atherton Gifford, of counsel), for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Grady county of manslaughter in the first degree and was sentenced to serve a term of four years in the state penitentiary.

At the time charged defendant struck one Worsham with a knife, severing his jugular vein. Defendant operated a store at Rush Springs. On the day preceding the homicide the town constable notified defendant to appear at the city hall the following day to answer to a charge of immoral conduct. Apparently this charge was predicated on complaint made by deceased, the woman involved being his niece. Defendant was angry that such a charge had been made and insisted to the town constable it be withdrawn. Late in the day defendant saw the constable on the opposite side of the street. He crossed diagonally; the constable and deceased were talking. Defendant came up, applied a vile epithet to deceased, put his left hand in his face, and struck with his right. The constable interposed and then discovered deceased had been cut, from which he died in a few minutes. The constable and several witnesses testified substantially to this state of facts. The defense of self-defense was made, defendant testifying in substance that deceased had made threats

against him on several occasions just prior to the homicide and on the day preceding it; that he approached the constable for the purpose of asking that the charge against him be withdrawn and then discovered the presence of deceased, who reached for his pocket with his right hand; that he then applied the epithet to deceased and struck under the apprehension that his life was in danger and, as he believed, in his necessary self-defense. Under all the testimony, including that of defendant, we are satisfied the jury was extremely lenient in finding defendant guilty of manslaughter in the first degree. The testimony would have justified a more severe verdict.

The first contention is that there was prejudicial error in the opening statement of the county attorney in which he said the evidence would show an act of intercourse between defendant and the woman involved in the charge of immoral conduct. At the time this statement was made counsel objected and the court overruled the objection and said to the jury the opening statement was not evidence. It is often said that the issue in a criminal case is single and a defendant is to be convicted, if at all, on the charge for which he is on trial and not by proof of some other offense. Here, however, the charge which led to the homicide might tend to throw some light on the motives and conduct of defendant at and immediately preceding the homicide. The fact of the charge was material for that purpose, but its truth or falsity and the details and circumstances were not material. The opening statement of counsel was improper, but it would be unusual for the opening statement of counsel to be so prejudicial as to require a reversal, especially when the jury is informed by the court that the opening statement is not evidence. Sturgis v. State, 2 Okla. Cr. 363, 102 Pac. 57; Shacklett v. State, 23 Okla. Cr. 4, 211 Pac. 1063. See,

also, Berrie v. State, 55 Okla. Cr. 302, 29 Pac. (2d) 979; 16 C. J. § 2225 f.

Closely allied with the assignment just discussed is the contention that the court erred in permitting Constable Williamson to testify he had arrested defendant on a charge of immoral conduct. The fact that a charge had been entered and an arrest made had some connection with the homicide and to some extent tended to show a motive for it. That fact was admissible under the well-settled rule that where evidence has some logical connection with the crime charged it is not inadmissible because it may tend to show an accused guilty of some other crime. Harrell v. State, 43 Okla. Cr. 278, 278 Pac. 404; Ellis v. State, 54 Okla. Cr. 295, 19 Pac. (2d) 972.

Further complaint made is that the court erred in sustaining an objection to an interrogatory on cross-examination propounded by defendant's counsel to the witness Williamson. This occurred:

"By Mr. Melton: Q. Oh, you are the same fellow that killed old man Lee, the blacksmith, are you not? County Attorney: We object to that. The Court: Sustained. Mr. Melton: Exception."

The witness was not asked concerning any conviction, but as to a specific act in no wise connected with the case on trial—a matter entirely collateral—a witness cannot be impeached in this manner. The ruling of the trial court was proper.

Upon a consideration of the entire record we find no material error.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.