# A. J. SPARKMAN v. STATE.

No. A-9550. Sept. 8, 1939.
(93 P. 2d 1095.)

252

A. C. Sinclair, of Jay, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant, A. J. Sparkman, Turner Linam, and Cliff Beck were jointly informed against for the crime of robbery with firearms, alleged to have been committed in Delaware county on the 24th day of October, 1937.

The information charged that said defendants did willfully, unlawfully, forcibly, wrongfully and feloniously, while acting together and in concert, make an assault upon and against the persons of Antye Brocker and Anna Brocker, with a firearm, to wit: A shotgun, held in the hands of said defendants, thereby putting them in fear of immediate injury to their persons, and while said Antye Brocker and Anna Brocker were under the influence of said fear the said defendants did then and there willfully, unlawfully, forcibly and feloniously take from the possession of the said Antye Brocker and Anna Brocker about $53, lawful money of the United States, without their consent and against their will, with the felonious intent of said defendants to convert the same to their own use and benefit and permanently deprive the owners thereof.

A severance was granted and the defendant Sparkman was found guilty of robbery with firearms as charged in the information, but the jury was unable to agree upon the punishment.

His motion for new trial was on February 9, 1938, overruled; thereupon the court rendered judgment and sentenced said defendant to confinement in the state penitentiary at McAlester for the term of 18 years. From this

judgment he appealed by filing in this court on August 8, 1938, a petition in error with case-made.

The assignments of error are:

"1. The information is insufficient, indefinite and duplicitous.

"2. The county attorney made such improper prejudicial statement and argument as to constitute reversible error.

"3. Improper evidence of defendant's character and former conviction was permitted to go to the jury.

"4. The evidence is insufficient to sustain a conviction."

The alleged errors will be taken up in the order stated.

The record shows that when the case was called for trial, on February 9th, the defendant was by the court permitted to withdraw his plea of not guilty for the purpose of presenting a demurrer to the information. Thereupon the defendant demurred to the information upon the following grounds:

"1. That said information does not charge a public offense against the laws of the state of Oklahoma.

"2. That said information is so vague, indefinite and uncertain that the defendant is not apprised of the offense charged, or with what offense he is sought to be charged.

"3. That said information attempts to charge two or more offenses against the laws of Oklahoma, and is duplicitous."

The Code of Criminal Procedure provides:

"The indictment or information must be direct and certain as it regards:

"1. The party charged.

"2. The offense charged.

"3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." Sec. 2884, 22 Okla. St. Ann. § 402.

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." Sec. 2888, 22 Okla. St. Ann. § 406.

"The words used in an indictment or information must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Sec. 2889, 22 Okla. St. Ann. § 407.

"The indictment or information is sufficient if it can be understood therefrom: * * *

"6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Sec. 2891, 22 Okla. St. Ann. § 409.

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Sec. 2892, 22 Okla. St. Ann. § 410.

We think the information in this case is sufficient under the requirements of the foregoing provisions of the Code.

The true test of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet. Warren v. State, 24 Okla. Cr. 6, 215 P. 635.

The language of the statute defining robbery is as follows:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by

means of force or fear." Penal Code, § 2542, 21 Okla. St. Ann. § 791.

The prosecution in this case was based on chapter 44, Session Laws 1925, which is as follows:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same." Penal Code, § 2543, 21 Okla. St. Ann. § 801.

The gravamen of the offense consists in the taking by violence or by putting in fear, with the use of any firearm or any other dangerous weapon, the money or personal property of another in "any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night." Whether that person was the owner or the legal custodian of the money or property so taken is immaterial so far as the charging of the offense is concerned.

This court in Newton v. State, 56 Okla. Cr. 391, 40 P. 2d 688, held that:

"Section 2543, Okla. Stat. 1931 (chapter 44, Sess. Laws 1925, amending chapter 85, § 1, Sess. Laws 1923), provides that the crime of robbery may be committed against a business house or banking institution, under the conditions therein stated, in the same way, as it may be committed against a person."

In the opinion it is said: "It is argued this is insufficient in not alleging the money was taken from a person who attended the bank at the time of the taking and does not allege the money was taken from the person

and immediate presence of Heiland. Reliance is mainly on the case of Ward v. State, supra [34 Okla. Cr. 296, 246 P. 664]. The robbery in that case was of a person. It was alleged one person was put in fear, the property taken from another, and belonged to a third person. It was so worded that even the court could not be certain what was intended, and it was held the information was too indefinite and uncertain to apprise the accused of the offense sought to be charged." And see Randall v. State, 33 Okla. Cr. 262, 243 P. 983.

In Robards v. State, 37 Okla. Cr. 371, 259 P. 166, 168, it is said: "The ownership of the money taken was of no particular importance." Holding: "Proof that property is taken from the possession or immediate presence of another having the custody or control of the same constitutes robbery, although the actual ownership of the property may have been in some third person."

In Dickson v. State, 26 Okla. Cr. 403, 224 P. 723, 726, it is said:

"We think the information sufficiently definite and certain on the subject of ownership of the property taken to inform the defendant that he was not accused of taking his own property, but that he was accused of taking property which was in the possession of A. C. Clothier, the cashier of the Citizens' State Bank of Salt Springs, Okla., with intent to convert such property to his own use. In law 'convert' conveys the idea of a dishonest appropriation. The information is sufficient in this respect."

In Winfield v. State, 18 Okla. Cr. 257, 191 P. 609, the defendant was charged with robbery by the use of fire-arms and his punishment assessed at imprisonment for five years in the penitentiary. In that case we held that:

"Where the evidence on the part of the state clearly establishes all the essential elements of robbery in the first degree against the defendant on trial, he may be prosecuted and convicted of that included offense."

In Dickson v. State, supra, this court held:

"In order to be subject to the objection of duplicity, an indictment or information must charge two distinct and complete crimes, for each of which a separate punishment may be inflicted, and each of which would withstand a demurrer for want of sufficient facts to constitute a crime."

It is well settled that the exact words of a statute defining a crime need not be used in an indictment or information charging it, but any words clearly and intelligently setting forth the offense are sufficient.

An information which brings the one charged within the class against which the penalty of the statute is directed is sufficient. In our opinion the information sufficiently charged the crime of robbery with the use of fire-arms, and the demurrer thereto was properly overruled.

The second contention is that the court erred in overruling the defendant's motion to declare a mistrial, because of improper and prejudicial remarks of the county attorney in his opening statement to the jury, wherein he stated:

"Down East of Colcord was a boy named Cliff Beck —first though, Turner Linam, was out in California, and while out there Turner Linam met up with this man A. J. Sparkman, who had been paroled from the Oklahoma State Penitentiary.

"The Court: The defendant's objection is sustained.

"Mr. Sinclair: Comes now the defendant, and moves the court to declare a mistrial in this case because of prejudicial remarks of the county attorney, in reciting the previous character of this defendant to the jury, in his opening statement.

"The Court: Gentlemen of the jury, the statement of the county attorney, a part of it was a little too strong; he went too far; a part of it was improper, it probably wouldn't have been if he had been a little more cautious in the use of his words. Now the reference about this man

being a convict, or having been in the pen, he shouldn't have said that, and he wouldn't be permitted to prove that, under certain circumstances."

The court then asked each juror: "Is your mind still free and open to decide this case according to the law and evidence?" Each juror answered: "Yes, sir."

The court then announced: "The defendant's motion asking the court to declare a mistrial in the case is denied." Exceptions.

An opening statement is to advise the jury concerning the questions of fact involved, so as to prepare their minds for the evidence to be heard. The scope of the opening statement should be limited to getting before the jury a detail of the testimony expected to be offered.

In Guest v. State, 56 Okla. Cr. 129, 34 P. 2d 1082, the first syllabus is:

"An opening statement is, and purports to be, no more than an outline of the state's theory and the evidence expected to be offered in support. The statement of incompetent or immaterial matter affords no ground for reversal unless it appears that the statement was manifestly prejudicial."

The second syllabus is:

"Evidence which tends to throw some light upon the guilt of defendant, and which has some logical connection with the crime charged, is not inadmissible because it may tend to show him guilty of some other crime."

From the evidence it appears that when this defendant was arrested as a fugitive on an extradition warrant in California, he made the voluntary statement that he was out on parole from the Oklahoma Penitentiary at McAlester.

This was an admission against interest, and as such was competent and admissible as evidence on the trial of the case.

The record also shows that it was stipulated and agreed that the affidavit of Tom Linam, of Santa Ana, California, should be offered as the evidence of said Tom Linam, wherein affiant states that about the first or second of November, Turner Linam, A. J. Sparkman and Cliff Beck came to his home in California.

This was also an admission against interest to the effect that this defendant at the time arrested was a fugitive from justice and admissible as such.

From what has been said it follows that the court did not err in overruling the motion to declare a mistrial.

It is also contended that the county attorney in his argument to the jury made the following improper statement:

"The defendant made a statement to Frank Bryant that he was out on parole from the Oklahoma State Penitentiary. I guess he knew he was coming back any way."

There is no merit in this contention.

The final contention of counsel is that the verdict is not sustained by sufficient evidence, in that the evidence was insufficient to establish the identity of the defendant as one who participated in the commission of the robbery.

The identification of the defendant by the witness Anna Brocker as one of the three men who committed the robbery was positive. This, together with the other undisputed facts and circumstances in evidence, was sufficient identification to sustain the verdict.

In People v. Wilson et al., 76 Cal. App. 688, 245 P. 781, 785, it is said:

"In Bowlin v. Commonwealth, 195 Ky. 600, 242 S. W. 604, the identification, held to be sufficient, was made from a recognition of the defendant's voice. Nor is it necessary that the identification be made in positive terms by

any of the witnesses. A conviction may be sustained, though the witnesses decline to swear positively, and testify merely that they believe the accused is the person whom they saw commit the crime. Thus in Commonwealth v. Cunningham, 104 Mass. 545, the witnesses would not swear that the prisoner was the man they saw on the stolen wagon, but that 'he resembled him.' There the court said:

" 'Upon this question of identity, the evidence offered was all of it competent, and proper for the consideration of the jury. It is impossible to say that it had no tendency to convict the defendant. Its sufficiency was to be estimated and weighed exclusively by them.'

"To the same effect are People v. Rolfe, 61 Cal. [540], 541; People v. Franklin, 46 Cal. App. 1, 188 P. 607; State v. Franke, 159 Mo. 535, 60 S. W. 1053."

It is apparent from the record in this case, and it follows from what has been said, that the assignments of error relied upon for a reversal of the judgment are without merit.

The testimony in the case overwhelmingly points to the guilt of the defendant, and nothing short of fundamental error would justify a reversal of the judgment.

The judgment of the district court of Delaware county herein is therefore affirmed.

BAREFOOT and DAVENPORT, JJ., concur.