Ronda Ray SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13289.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1963.

Durward K. McDaniel and Judd L. Black, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma County with the crime of Robbery with Firearms. He was tried before a jury, found guilty, and sentenced to 5 years in the Oklahoma State Penitentiary.

In his Motion for New Trial, defendant raised 5 contentions of error, but in the appeal, raises 15 contentions in his Petition of Error. However, only 7 of these are urged in his brief, and they will be discussed in the order in which they appear.

It will be necessary to briefly relate the facts.

On the night of February 19, 1962, Ray's Package Store was robbed of a little over $35.00, the defendant being identified as the person committing this robbery.

First, it is contended that there were two instances of variance between the allegations in the Information and the proof. One, that the Information charged the defendant with the taking of property belonging to *Ray's Package Store*, while the proof was to the effect that the property belonged to *Ray Driscoll*.

■■ Actually, there would be no merit to this contention, as Ray Driscoll is the owner of Ray's Package Store. This Court held in Sparkman v. State, 67 Okl.Cr. 245, 93 P.2d 1095:

> "To constitute the crime of robbery, it is not material whether the title to the property is in the person from whom the property is taken or in another."

■ The second variance alleged is that the Information charges *Robbery with Firearms* while the proof showed the "gun" which the prosecuting witness saw in the hands of the defendant was in reality a toy pistol, incapable of firing a bullet. Defense counsel cited *no cases* in which this Court has ever held necessary the fact that a particular "gun" involved in a robbery would actually shoot. However, this Court held to the contrary in the case of Cannon v. State, 71 Okl.Cr. 42, 107 P.2d 809:

> "That it had the appearance of a gun, and he believed it was one, and for fear of his life, he did as he was told, and under these circumstances he was robbed of his money. Under these facts there can be no question but that the defendant was guilty of robbery * * *.
>
> "To constitute robbery the taking is accomplished either by force or by putting in fear. The violence of intimidation in robbery must precede or be contemporaneous with the taking of the property. The violence must be actual, personal violence, but the degree of force used is immaterial * * *.
>
> "If putting in fear is proved, the offense is robbery."

This also covers defendant's Proposition Number 2, so we will not discuss that at any length.

Defendant's next contention is that the trial court erred in refusing to give his requested Instructions 1 thru 5, and that the court failed to instruct on these applicable questions of law in the court's Instructions as a whole.

■ We find this to be erroneous, as two of the instructions were indeed given by the court—Number 2 and 3. Inasmuch as there is no specific question raised here, and no effort made to enlighten the Court further, we would judge this contention without any basis for merit.

■ The next contention is that the trial court erred in giving Instructions #9 and #14. The record reflects that no objection was made to these two Instructions, or any requested instructions in lieu thereof. And as we have set forth in many decisions, as stated in Oates v. State, Okl.Cr., 303 P.2d 317:

> "Alleged error in the giving of an instruction will not be considered on appeal in the absence of an exception saved to the giving of said instruction, unless it is so basically erroneous as to mislead and confuse the jury as to the issues of the case."

■ Defendant's next contention is that the trial court created bias and prejudice in the minds of the jurors by misconduct during the course of the trial, by several statements made to the defendant.

■ *AGAIN* the record reflects that no objection was made to the alleged prejudicial remarks, nor did defense counsel request that the jury be admonished not to consider such remarks. This Court held in the case of Johnson v. State, 1 Okl.Cr. 321, 97 P. 1059:

> "Objections to alleged errors, committed during a trial, must be made in apt time, so as to allow the trial court to rule upon the objection before action is taken. It is too late to complain after the trial is ended."

We are unable to find any merit in the contentions raised by the defendant, and for the foregoing reasons, the Judgment and Sentence of the trial court is hereby affirmed.

BUSSEY, P. J., concurs.

JOHNSON, J., not participating.