**Robert William Eugene BATTLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15219.**

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

Otto Pluess, III, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Robert William Eugene Battle, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Assault with a Dangerous Weapon After Former Conviction of a Felony; was sentenced to

serve ten years imprisonment in the state penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on April 17, 1968, the defendant and others, arrived at Loyce Mathis' apartment after spending the evening drinking at various and sundry clubs. Loyce Mathis had difficulty with one Lafeyette Fleming which culminated with a chase from her apartment to the front yard where she threw Fleming's pay envelope in the air, scattering money to the ground. Various people, including the defendant, began helping Fleming pick up the money. Fleming and the defendant began struggling, which resulted in the defendant shooting Fleming in the abdomen and foot with a pistol. The State's witnesses, including Fleming, were extremely hesitant to involve the defendant with the crime.

The defendant's first proposition of error alleges that "the trial court erroneously overruled motions for mistrial, which were timely interposed by defense counsel." The defendant first objected to the opening statement of the State wherein the prosecuting attorney stated, at page 13 of the case made:

"Lafayette Fleming will testify that he was shooting right at him. And a doctor will testify that this man ended up with two bullets in him. Two of the witnesses will testify, probably, that the bullets—that he was shooting at the ground near Lafayette. Now why these two witnesses are going to testify this way, I don't know, we evidently have a conflict. Because they have indicated to the State they are going to testify this way, the State filed assault with a dangerous weapon rather than assault and battery with a deadly weapon.

MR. PLUESS: Please the Court, I'm going to object to the opening statement as being argumentative and prejudicial as to what the State may have filed and why other charges that could have been considered and ask for a mistrial."

This Court has repeatedly held that an opening statement is, and purports to be, no more than an outline of the State's theory and the evidence expected to be offered in support. The statement of incompetent or immaterial matter affords no ground for reversal unless it appears that the statement was manifestly prejudicial. See Woods v. State, Okl.Cr., 440 P.2d 994; Akins v. State, 91 Okl.Cr. 47, 215 P.2d 569; Sparkman v. State, 67 Okl.Cr. 245, 93 P.2d 1095.

In the instant case we are of the opinion that remarks made in the opening statement do not show bad faith or manifest prejudice on the part of the prosecuting attorney and thus do not constitute reversible error.

The defendant further complains of three additional statements made by the prosecuting attorney which considered together in aggregate constitutes reversible error. The statements were as follows:

1. "* * * She submitted that this guy said you trying to rob me. She also said that she saw two Negro males picking up the money and putting it in their pockets. This is robbery, Ladies and Gentlemen, or at the very least, it's larceny which is a felony." (CM 132)

2. "The Court will give the Instruction, number three, Mr. Pleuss emphasized it and I'm glad he did because I want to, too. Instruction Number three is assault with intent to kill —oh no." (CM 140)

3. And finally defendant objects to the prosecuting attorney reading a selected portion of the testimony in his argument, namely, portions of Lafayette Flemings' testimony given during cross-examination. (CM 142)

This Court, in Harvell v. State, Okl.Cr., 395 P.2d 331, stated:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom. It is only when argument by counsel for the State is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

We have carefully examined the closing arguments of both parties and are of the opinion that although the prosecuting attorney did make isolated improper statements, there is nothing in the record to indicate that they were made in bad faith or were manifestly prejudicial to the defendant. We further note that the record does not show the defendant was prejudiced by the trial court allowing the prosecuting attorney to read portions of the transcript. We, therefore, are of the opinion that this proposition of error is without merit.

The defendant states in his next proposition that "The Court was prejudiced against the defendant and by virtue of this the defendant could not and did not receive a fair trial." We note that the defendant does not cite any authority in support of this proposition. This Court has consistently held:

"It is necessary for counsel for Plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

Sandefur v. State, Okl.Cr., 461 P.2d 954. The record does not verify the defendant's contention that the court was prejudiced against him, rather it reflects that he did receive a fair and impartial trial. We, therefore, find this proposition to be without merit.

▮▮ The defendant's next proposition alleges that giving the instruction concerning "good time credits" was error. This Court has previously held that the giving of such instruction was error. See Williams v. State, Okl.Cr., 461 P.2d 997. We have further held that it is not reversible error unless the instruction is given in a one-stage proceeding. See Nation v. State, Okl.Cr., 478 P.2d 974. In the instant case the instruction was given in the second stage of a two-stage proceeding wherein the jury had previously found the defendant guilty. In Williams v. State, supra, we stated:

"Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice, the judgment and sentence will be modified. * * *"

We observe that the defendant received the maximum sentence of ten years and therefore must conclude that the instruction affected the jury's verdict and the judgment and sentence must be modified.

The defendant's last proposition of error alleges that he was not given a fair and impartial trial as guaranteed by the Constitution due to concealed prejudice of two jurors. We have considered the entire record, including the Motion for New Trial, and conclude that this proposition is without merit.

In conclusion, we are of the opinion that the proof of guilt is overwhelming; the record is free of any error which would justify reversal. In the interest of justice we hold that the judgment and sentence should be modified from a term of ten (10) years imprisonment, to a term of five (5) years imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.