**Robert Lee WHITE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16849.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1971.

Brian Gaskill, Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Robert Lee White, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Robbery with Firearms. His punishment was fixed at five (5) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, it was stipulated between the parties to submit the case to the trial court for decision on the basis of the transcript of the Preliminary Hearing. At the Preliminary Hearing, Edgar Crenshaw testified that he was sixty-nine years old and lived at 623 East Marshall Street in Tulsa. On the evening of December 28, 1970, two persons, whom he identified as

1. Under the facts of this case, the proper administration of justice does not require the informations to be filed.

the defendant and a co-defendant, Allen Reed, came to his door stating that they had some car trouble. Crenshaw told them that he was ill and could not help them. Reed and the defendant caught him by the arms, one on each side, carried him outside, and made him get into his son's pickup truck. The defendant told him to get in under the steering wheel and slid into the car next to him with Reed on the outside. Crenshaw stated that he didn't have any keys, wherein the defendant put a gun to his head and commenced slapping and hitting him about the face. The defendant told Mr. Crenshaw, "I ought to kill you. You old sucker, you ought to have something," and he threatened him with the gun. (Tr. 10) Reed opened the door and Crenshaw got out and started running toward his house. The defendant ran after him and commenced slapping him again, again stating he ought to kill him. The defendant pushed the gun against Crenshaw's face and yanked his diamond wrist watch from his arm. Crenshaw gave the defendant no resistance, because he was afraid. The defendant and Reed then fled.

The sole proposition asserts that the evidence was not sufficient to establish the element of force and fear required to convict for the crime of Robbery with Firearms. The defendant cited the case of Marks v. State, 69 Okl.Cr. 330, 102 P.2d 955 (1940). We have carefully examined *Marks,* supra, and are of the opinion that the same is distinguishable from the instant case. In *Marks,* supra, the defendant directed two small girls, ages thirteen and fourteen, to snatch a pocket book from a helpless drunk, one punching the victim with her hand, while the other reached into his pocket and took the money. The victim did not know his money had been taken until the defendants had departed. In the instant case, Mr. Crenshaw was intimidated and placed in great fear from the time he answered his door bell until the time the defendant snatched his watch and fled. He had been beaten by the defendant, assaulted with a weapon, and had his life threatened.

In Smith v. State, Okl.Cr., 378 P.2d 790, we stated:

"To constitute robbery the taking is accomplished either by force or by putting in fear. The violence of intimidation in robbery must precede or be contemporaneous with the taking of the property. The violence must be actual, personal violence, but the degree of force used is immaterial * * *

"If putting in fear is proved, the offense is robbery."

We are of the opinion that the evidence is sufficient to show that the force and fear was present, preceding, and at the same time the watch was taken; thus the defendant was properly charged and convicted for the crime of Robbery with Firearms. The judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.