Lloyd ESTES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–174.

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1974.

As Corrected Aug. 23, 1974.

William D. Mobley, Poteau, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant Lloyd Estes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, LeFlore County, Case No. CRF–72–143, for the offense of Unlawful Delivery of a Controlled Substance, LSD. The jury recommended, and the court imposed, a sentence of five (5) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The evidence introduced by the State was as follows: Oklahoma State Bureau of Investigation (OSBI) Agents Arthur Linville and Melvin Sires went to the Black Angus Motel in Poteau, Oklahoma, on October 23, 1972, in connection with a narcotics investigation. There they met with a local OSBI Agent Sam Sparks. At about 7:25 that evening they drove to the apartment of an informant, Mike White. Agent Linville entered the apartment where he saw approximately eight individuals, including defendant. Later in the evening, Linville made a "buy" of 17 LSD tablets from defendant, in the kitchen of the apartment. Linville testified that he was alone with the defendant in the kitchen when he (Linville) initiated the transaction, but that an unidentified female entered the kitchen while the sale was in progress. Linville further testified that he left the apartment at approximately 11:00 p.m., and later transported the LSD tablets to the OSBI laboratory in Oklahoma City for testing. OSBI Chief Chemist John McAuliffe testified that his chemical analysis of the tablets showed them to be LSD.

Defendant testified in his own behalf that he was invited to the apartment and

introduced to Linville by Mike White, an acquaintance. Throughout the course of the evening he observed Linville drink beer, smoke marijuana, and pop a pill. Later, Linville asked defendant to sell him some LSD, which defendant refused to do. He identified the female who had entered the kitchen during the alleged sale as Karen Gaither, his date for the evening.

■ In his first proposition, defendant argues that the trial court erred in overruling his Motion to Quash the jury panel from which defendant's jurors were selected. He argues that as the list of potential jurors from which the jury panel was drawn was composed of names from the county tax rolls, as was formerly the practice, the selection procedure was in violation of a 1973 amendment found at 38 O.S. 1971, § 28 (Laws 1973, c. 204, § 3, emerg eff. May 17, 1973), amending 38 O.S. 1971, § 28. In that amendment the qualifications for jury panel membership were changed from those whose names appeared on the tax rolls to those who were qualified electors in the state. Defendant's position is that, since the former qualifications were used to impanel the jury panel in the instant case, such panel should have been quashed. We dismiss this argument, however, as § 4 of this amendment provides as follows:

"Notwithstanding any provision of this act, the qualified jurors for service in the district court of each county for the remainder of the 1973 calendar year shall be those jurors selected in November, 1972, in accordance with the law then in effect."

It is apparent that this provision of the statute was complied with, and that defendant's proposition of error is therefore without merit.

■ In his second proposition, defendant cites several instances of allegedly improper closing argument by the prosecutor. The first two remarks concerned the prosecutor's reference to the dangerous nature of LSD, and to an admonition to the jurors to wash their hands after handling the LSD tablets introduced as exhibits. In evaluating both remarks, we note that the dangerous nature of LSD is a matter of common knowledge, and comment thereon by a prosecutor is within the range of discussion and inference allowed counsel for both sides in closing argument. In the first paragraph of the Syllabus in Battle v. State, Okl.Cr., 478 P.2d 1005 (1970), we stated:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom. It is only when argument by counsel of the State is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

■ Defendant next alleges that the prosecutor erred in calling defendant a "pusher of drugs here in LeFlore County." We feel, however, that the trial court properly overruled defendant's objection to the remark, since the testimony of the State, if believed by the jury, would supply an adequate basis for such an inference. See Battle v. State, supra. See also Johnson v. U. S., 484 F.2d 309, 311 (1973), wherein the prosecutor referred to a defendant accused of distributing heroin as a "pusher." The Court stated:

"Johnson moved for a mistrial on the basis that this statement was not supported by the evidence. We think the court properly denied the motion. A 'pusher' is someone who sells illicit drugs. There was ample evidence that Johnson had in fact sold heroin illegally, and the comment was to some extent invited by the earlier comments of Johnson's counsel to which the prosecutor referred. The

statement was neither so inflammatory nor so misleading as to require a mistrial. See United States v. Lewis, 423 F.2d 457 (8th Cir. 1970), cert. denied 400 U.S. 905, 91 S.Ct. 146, 27 L.Ed.2d 142."

■ Defendant next challenges a fourth remark of the prosecutor wherein comment was made upon defendant's failure to call as a witness the "girlfriend" who entered the kitchen during the alleged sale. We view this remark as falling into the category of invited error, as defense counsel had earlier commented on the State's failure to produce the informant Mike White as a witness. Thus, the prosecutor's fourth remark does not provide a basis for valid objection. Even if we were to assume arguendo that the remarks were erroneous, it is apparent that they were not reflected in the jury's assessment of either guilt or punishment. The jury returned only the statutory minimum sentence of five years in the face of a possible maximum of 20 years and $20,000.00 fine, and in the face of the prosecutor's request for a sentence of "at least eleven years." (T. 87). Thus, it does not appear that the jury was prejudiced in assessing defendant's punishment. Further, we note that the issue of defendant's guilt depended on the jury's resolution of the factual conflict between the testimony of Agent Linville and that of defendant, and could not be said to have resulted from any of the allegedly prejudicial remarks. We, therefore, find this proposition of error to be without merit.

■ In his third proposition of error, defendant alleges error in the trial court's refusal to grant a continuance due to the fact that a number of jurors had been excused and all of the remaining veniremen had been present during an allegedly improper voir dire examination in another drug case the previous day. We find this proposition to be without merit for several reasons. First, defendant has failed to present any evidence whatsoever that the 12 jurors who actually sat in his case were in any way prejudiced against him or other defendants in drug cases. Second, a review of the voir dire examination in question fails to support defendant's allegation that it was calculated to prejudice the defendant in the instant case.[1] Third, defendant has failed to support this proposition with citation of authority. In Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969), we stated:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred. See Collins v. State, Okl.Cr., 407 P.2d 609." At page 956.

We accordingly, find defendant's third proposition of error to be without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.

1. The allegedly prejudicial voir dire examination was conducted by the Assistant Attorney General, Mike Jackson, in an earlier case involving a marijuana charge. Defendant alleged that the veniremen in both that case and in the instant case were prejudiced against defendants in drug cases, first because Mr. Jackson introduced himself as a representative of the Attorney General's office, and second, because he went into some detail concerning the residence and occupation of the veniremen's children. Particularly, defendant objects to that portion of the questioning wherein Mr. Jackson asked the veniremen if and how frequently they visited their children who lived in urban areas. This, argues defendant, was an attempt by Mr. Jackson to associate the defendant in the previous case with "known drug areas." We find this contention to be speculative at best, and in any event, defendant has failed to present any evidence that the jurors were, in fact, prejudiced thereby.