## CAD SHACKLETT v. STATE.

No. A-3799.   Opinion Filed Jan. 30, 1923.
(211 Pac. 1063.)

(Syllabus.)

1. **Continuance—Ground of Absent Witness—Insufficient Showing.** There was no abuse of judicial discretion in overruling a motion for a continuance, where the testimony sought is immaterial, or of doubtful probative force, or where the showing of diligence is insufficient.

2. **Receiving Stolen Goods—Continuation of Asportation of Stolen Property by Accused not Receiving Stolen Property.** Where the evidence shows that the accused, charged with larceny, was not present at the original taking of the property, but that the goods were taken by a confederate implicated with the defendant, the asportation by the confederate to one place and a continuation of the asportation to another place by the accused does not make of the latter a receiver of stolen property.

3. **Larceny—Evidence Sustaining Conviction of Grand Larceny.** The direct and circumstantial evidence examined and found amply sufficient to support the verdict.

4. **Trial—Opening Statement of Prosecuting Attorney—When Prejudicial Error.** Ordinarily, error cannot be predicated upon the opening statement of a prosecuting attorney to the jury, specifically stating what facts he expects to develop in testimony, where later, for some reason, he fails to introduce evidence to support some of the narrative related in the opening statement, unless such unsupported portions of the opening statement were made in bad faith and were manifestly prejudicial

Appeal from District Court, Atoka County; J. H. Linebaugh, Judge.

Cad Shacklett was convicted of grand larceny, and he appeals. Affirmed.

C. McCasland, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.  Cad Shacklett, defendant in error, and Bill Freeman, were jointly charged, by information filed in the

district court of Atoka county, December 3, 1918, with the larceny of seed cotton, the property of J. I. Sisson, of the value of $83, stolen and carried away from the possession of the owner September 21, 1918. Bill Freeman entered a plea of guilty to the charge. Plaintiff in error, for convenience referred to as the defendant, pleaded not guilty. At the trial, on February 9, 1920, defendant was by a verdict of the jury found guilty as charged and his punishment assessed at confinement in the state penitentiary for a term of one year. From the judgment rendered on this verdict he appeals.

The facts gleaned from the record indicate that in the fall of the year 1918 J. I. Sisson, a farmer residing in Atoka county, discovered the loss of about 600 pounds of lint cotton which had been taken from a pile of picked cotton in his field and hauled away in a wagon. On the night this cotton disappeared, two men passed Sisson's house in a wagon, one wheel of which was squeaking for want of grease. These men stopped at Sisson's house and borrowed some axle grease with which they greased the right front wheel of the wagon. The following morning, Sisson and some of his neighbors tracked a wagon drawn by two horses from the place where the cotton was taken to the home of the defendant, where they found that the horses had been exchanged for mules, and then tracked the wagon drawn by mules into the town of Atoka. There they found the wagon in the possession of the defendant. The wheels were removed from the wagon, and it appeared that the right front wheel had been recently greased, and that the other three wheels were comparatively dry. A bale of ginned cotton was in the wagon, in the possession of the defendant. Continuing their search, the men found these two horses belonging to Bill Freeman in his possession, at Stringtown. They found that these horses had been recently shod, and that the shoes had been removed from their feet.

The missing shoes were found, two of them hidden under a box, and were taken by the officers back to the tracks leading from the cotton pile in Sisson's field and found to fit into the tracks there made. They also fitted the horses hoofs from which they had been removed. After the arrest of the defendant, he immediately made bond and was released; whereupon he went, in the nighttime, to Stringtown, presumably to talk and confer with his alleged confederate, Bill Freeman. Bill Freeman, who was also arrested for this theft, entered a plea of guilty and at the time of the trial of this defendant had finished serving his term in the penitentiary.

The defendant says that this conviction should be set aside for the following reasons, to wit:

First. Alleged error of the court in overruling the defendant's motion for a continuance.

Second. Because the evidence is insufficient to support the verdict.

Third. Because the county attorney in his opening statement to the jury stated what he expected to prove by Bill Freeman, and the case was tried and completed without the testimony of this witness.

Fourth. Because of the reception of alleged incompetent and prejudicial testimony.

In the motion for a continuance it was stated that one Mary Jane Taylor was sick and unable to attend the trial; that, if present, she would testify that on the night the cotton in question was stolen she was in defendant's cotton field and saw the defendant and other members of his family load his own cotton into a wagon. This motion was supported by what purports to be a certificate of a physician as follows:

"Atoka, Okla., 2-9-1920.

"This is to certify that Mrs. Mary Jane Taylor is in bed sick and unable to be out of bed.

"J. W. Rollins, M. D."

In the first place, the facts set out in the motion for a continuance are not inconsistent with the guilt of the defendant. Further, there is no, sufficient showing of the nature of the illness of the witness, the probable time when she might be expected to recover, or that her testimony could probably be procured within a reasonable time at some subsequent term of court.

In the motion for continuance it is also stated that one B. B. Shacklett had been subpoenaed to be in attendance at court on the 19th day of January, 1920. The trial took place February 9, 1920. The return of the officer showed that the subpoena was duly served. It appeared, however, that B. B. Shacklett was in the state of Arkansas at the time of the service of this subpoena. It was claimed that if this witness were present he would testify that the defendant was not absent from his home on the night the cotton in question is alleged to have been stolen. The reasoning applying to the witness Mrs. Taylor applies with equal force to the witness Shacklett. According to the theory of the state, the cotton was originally taken by one or more confederates of the defendant, possibly in defendant's absence; and the fact, if it were a fact, that defendant was at home during the whole of that night, would not necessarily exonerate him of the charge.

The question of the sufficiency of an application for a continuance has so often been decided by this court that a citation of authorities is unnecessary.

The conviction in this case rests in part upon circumstantial evidence. It has often been decided by this court

that a conviction may be supported, in whole or in part, by circumstantial evidence. The circumstances proved show that the asportation of this stolen lint cotton was a continuous asportation, made in a wagon drawn by Bill Freeman's horses to the premises of the defendant, where a team of mules was substituted for the horses, and the cotton then hauled to Atoka by this defendant and by him taken to the gin and later offered for sale. The shoes removed from the horses were found at Stringtown and exactly fitted the tracks made by the horses as they passed from the place from which the cotton was originally removed to the home of the defendant. There were other circumstances implicating the defendant which need not be here recited. Altogether, we think the circumstances point to the guilt of the defendant and exclude every other reasonable hypothesis. Ex parte Jefferies, 7 Okla. Cr. 544, 124 Pac. 924, 41 L. R. A. (N. S.) 749.

The facts show that the defendant was implicated in the original taking and assisted in the asportation, and was not merely the receiver of stolen property.

In his opening statement to the jury the prosecuting attorney said:

"The proof will show that the defendant Bill Freeman entered his plea of guilty and has served his term in the penitentiary."

Here defendant's attorney objected, on the ground that Bill Freeman was not present. The court then announced: "He is going to be present here if an attachment will get him." It appears, therefore, that it was the intention of the county attorney to have Bill Freeman present to testify in this case. For some reason unknown to us, this testimony was not forthcoming. The purpose of an opening statement of counsel is to apprise the jury of what the respective parties expect to

show; the statements so made are in no sense evidence and are not so understood by the jury. Where a statement is made in good faith, as this appears to have been made, and for some cause the witness cannot be procured, such action on the part of the county attorney will not be held reversible error, unless it is done in bad faith or appears to be manifestly prejudicial. 12 Cyc. 570, and cases there cited.

The alleged incompetent and prejudicial testimony was the testimony of Tom Pemberton, who assisted in identifying the tracks of the horses and the wagon used in carrying away the stolen cotton, and who testified to conflicting statements made by the defendant after his arrest; the testimony of A. J. Fryer, a deputy sheriff, whose testimony was of the same import; also, the testimony of Ben Garside. In the brief defendant objects to the testimony of these witnesses in general, without specifying any particular part of their respective testimony as being incompetent. The evidence given by all three of these witnesses was competent; the question of the weight of this and other testimony was for the jury.

Finding no prejudicial error, the judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.