GRACE FORD v. STATE.

No. A-8123.   Nov. 14, 1931.
(5 Pac. [2d] 170.)

322

Williams & Sasseen, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience referred to as the defendant, was by information jointly charged with Alice Ford of murder, was tried separately and convicted of manslaughter in the first degree, and sentenced to imprisonment in the state penitentiary for a term of four years. Motion for new trial was filed, considered, overruled, exceptions saved, and the defendant appeals.

Lester Lowe, called on behalf of the state, in substance stated he remembered the occasion of a girl being killed at Mangum on the 29th day of December, 1929; he was acquainted with the defendant, Grace Ford, and her sister, Alice Ford. Mary Johnson called to a negro by the name of Catalac to go home, and he said he was not ready to go home; deceased and Catalac began to quarrel, and

Alice Ford said to put them out of the house; the defendant said "Yes," a scuffle ensued, and defendant stabbed the deceased in the back with a knife; deceased was then hit by Alice Ford with a poker. The defendant and deceased clinched in a scuffle around the room, and went out of the door and fell on the ground; Alice Ford hit her again with the iron poker; the deceased died a short while after she got out of the house. Witness stated he did not know who hit the first lick.

It was further shown by the state's witness that there were several parties at the home of Alice Ford where the trouble took place; that deceased tried to get Catalac to go home, and he did not want to go; they got to quarreling, and Catalac went on the outside of the house and picked up a brick and tried to get the deceased to come out. The defendant was in the room at the time, and tried to get Frank Morris to put them out; the deceased asked the defendant, "Why don't you put me out?" the defendant asked her who she was talking to, and she said she was talking to the defendant; the defendant and deceased advanced toward each other; the defendant fell over on the bed and got up immediately; they could see the defendant using her hand toward the deceased, but could not see anything in her hand; Frank Morris pushed the defendant and deceased out of the house; Alice Ford hit the deceased with an iron poker.

The defendant, testifying in her own behalf, stated:

"I have lived in Mangum since I was three years old; at the time of the trouble I was living at Mrs. Lindsey's; Alice Ford is my sister; I went to Alice's place about three thirty or four o'clock in the afternoon; there wasn't anyone there when I went, later on other parties came; when Alice came home Ella Hollis, Frank Morris, Johnie Brown and myself were at the house; I was playing the Victrola

and dancing; Mary came in and asked Catalac for the keys and told him to come on and lets go home, and he said he was not ready to go; they started arguing and he went out of doors and got some bricks and came back up to the step, asked her to come out and she said she would not go out; at that time I asked Alice why she didn't put them out of the house if they were going to fight; the deceased said, 'You are bad, you put them out; deceased then struck me and before I could turn around struck me again; when she struck me the second time they grabbed her and pulled her back and that gave me a chance to get out from where I was, and I ran to the door, and I struck her with an iron; some one took the iron away from me. She struck me again and I dodged and fell on the bed which was just a little ways from the door; I was kicking and she cut me on the left leg first, and then on the other; when she struck me the second time I got a knife off the bed and was trying to open it and she ran into me and struck me on the neck with the knife; I grabbed her and Frank grabbed us and pulled us out of the door and we both fell; the deceased had her arm around my neck in some way; when we fell I fell on top of her, she wheeled over me and got on top of me and I cut her, cut her twice, the last time she gave up and fell over and somebody pulled her off of me and I got up and leaned up beside the house and called to Alice to come and get me."

Other witnesses testified in behalf of the defendant, whose testimony was in substance the same as the defendant's.

The defendant has assigned seven errors as grounds for reversal of this case. The first question argued by the defendant is error of the court in overruling the demurrer to the evidence. Under this assignment the defendant insists that the evidence is insufficient to establish the venue. The testimony of Lester Lowe shows that he remembered when Mary Johnson was killed in Mangum, in December, 1929; witness stated he did not know

the name of the street, but it was down there in the colored section in a rooming house back of the Cameron Lumber Company. Other witnesses testifying saw the defendant and deceased in the city of Mangum on the date of the killing, and stated in what part of the city they saw them. The testimony of the witnesses shows that the killing took place in the city of Mangum; the witnesses do not use the words, "Mangum, Greer county, Okla.," but do state the killing occurred in Mangum, Okla.

Venue does not have to be proven beyond a reasonable doubt. The courts of this state take judicial notice of the boundaries of the counties, and locations of the cities and towns therein. Jentho v. State, 19 Okla. Cr. 434, 200 Pac. 251; Dodson v. State, 30 Okla. Cr. 135, 235 Pac. 268.

All the testimony shows that the killing took place in the city of Mangum. We hold the proof sufficient to establish the venue as charged in the information.

It is next urged by the defendant that the court erred in its general instruction to the jury. The defendant in her argument states that it is not her purpose to complain of the instructions given by the court in so far as they apply to the ordinary case of self-defense. She insists the court in its instruction did not cover all the matters of law necessary for the information of the jury in arriving at a fair and impartial verdict as contemplated by section 2722, C. O. S. 1921, and insists that the trial court failed to properly instruct the jury as to when homicide is justifiable. It is argued that the trial court gave a part of the law, but left out the phrase: "Or upon or in any dwelling house in which such person is." Comp. St. 1921, § 1754.

The defendant insists that the omission of the phrase quoted above was an error sufficient to warrant this court in reversing the case. She admits the court's instructions were correct as far as they went, but insists that, because the issue in the case was self-defense, and defense of home against trespassers, the court should have informed the jury on the defense of the home and trespassers therein.

We have examined the record with a great deal of care, and find the difficulty did not take place in the home of the defendant, but took place in the home of a sister; the defendant testifying she lived with Mrs. Lindsey. There is nothing in the record to show that the defendant in this case was attempting to repel or stop any felony about to be committed in the dwelling house. The defendant's testimony tends to show that, when she used the iron poker and the knife, she used them to prevent Mary Johnson from cutting her with a knife, and that during the fight the defendant and deceased were pushed out of the door. It has been the universal holding of this court that the instructions must be applicable to the evidence in the case, and that the court should not instruct on any theory not reasonably supported by the evidence. Newby v. State, 17 Okla. Cr. 291, 188 Pac. 124; Ussaery v. State, 22 Okla. Cr. 397, 212 Pac. 137; Smith v. State, 22 Okla. Cr. 383, 212 Pac. 1012.

It does not appear from the record that the defendant requested the court to instruct upon the question of defense in protecting the home against trespassers. If upon the trial of a criminal case special instructions are desired by the defendant, he is required by the provisions of our Code of Criminal Procedure to present in writing to the court the instructions desired, and it is not error

for the trial court to omit an instruction upon every possible question under the defendant's theory of the case, when he has not requested such instruction. Williams v. State, 12 Okla. Cr. 39, 151 Pac. 900.

There is no evidence in the record reasonably presenting the issue that this defendant was endeavoring at the time of this homicide to prevent a felony being committed in the dwelling house of her sister. The defendant's evidence tends to show that the defendant, when she cut the deceased, was endeavoring to protect herself from an assault then being made upon her by the deceased, and the issue was fully covered by the court's instructions. The court correctly advised the jury as to the law applicable to the facts in the case.

It is next contended by the defendant that the verdict of the jury and judgment and sentence of the court are not sustained by the evidence. The evidence on behalf of the state tends to show that a negro by the name of Catalac and the deceased engaged in a controversy, the deceased wanting Catalac to go home, when Catalac went out of the house and got a brick and tried to get the deceased to come out; which she refused to do; words passed between the deceased and the defendant, and they engaged in a fight in the house. The testimony is conflicting as to what took place in the house. The parties were pushed, or pulled, through the door and fell in the yard; when the fight was stopped, the deceased had been stabbed and died immediately. The defendant had received some injuries.

The defendant has argued at length what she claims to be the weak points in the evidence, and insists that it is wholly insufficient to sustain the judgment. There is a sharp conflict in the evidence, which was a question for

the jury to reconcile. The weight of the testimony and the credibility of the witnesses being matters exclusively within the province of the jury, this court has often held that, where there is any competent testimony in the record to support the verdict and judgment, if believed by the jury, it would not disturb the same. Adeaholt v. State, 19 Okla. Cr. 122, 198 Pac. 351; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The defendant was accorded a fair and impartial trial. The jury was properly instructed as to the law applicable to the facts in the case. There are no errors in the record possessing sufficient merit to warrant a reversal of this case.

The judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.