## MARSHALL LEE v. STATE.

No. A-9437. Sept. 15, 1939.
(94 P. 2d 5.)

284

Carlos Wadlington and Date Crawford, both of Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and W. V. Stanfield, Co. Atty., of Ada, for the State.

BAREFOOT, J. Defendant was charged with the crime of burglary in the second degree, in Pontotoc county, and with having been a second offender; was tried, convicted and sentenced to serve a term of 15 years in the penitentiary, and has appealed.

Defendant was charged with having entered the dwelling house of M. L. Mullins, on the morning of June 9, 1937, and stealing a gold wrist watch, the property of Mrs. M. L. Mullins. These parties were living over a grocery store in the city of Ada, and visiting them at the time was the father and mother of Mrs. Mullins. On the morning of June 9, 1937, Mrs. Mullins awoke and unlatched the screen door from the outside entrance for the purpose of permitting a lady to enter, who was to do some ironing for her. She went back to sleep and was awakened about 6 o'clock in the morning, and saw a man standing at the foot of her bed, whom she positively identified as the defendant. He made inquiry as to whether a Mr. Carter lived there. He was informed by Mrs. Mullins that no such party lived there, and he said he thought he rented a back room. He thanked her and left. She went to the window and saw defendant leave in a green sedan that was parked nearby. She awoke her husband and upon search they immediately discovered that her wrist watch which had been left on the table the night before had been stolen. They went in search of the automobile they had seen and immediately informed the police. About a week later, at the police station she identified defendant as the party who had entered her home and with whom she had the conversation, as above related. She also identified and recovered her watch which was stolen from her home on the 9th of June.

Bernice Price, a witness for the state, testified she lived in Holdenville, and was acquainted with defendant. That she saw him about five o'clock on the evening of June 9th, 1937, on a street corner, in the city of Holdenville, and that he was driving a green sedan automobile. That he asked her to drive with him and that after she consented he gave her a wrist watch. She identified the watch, which was the property of Mrs. Mullins, as being the one given her by the defendant, and which was turned

over by her to the officers. She also testified that defendant had given her a ring.

Her testimony was corroborated by Edith Lawrence, who was a young lady with whom she roomed in a hotel at Holdenville. She testified that the three of them went to Shawnee on the night of the 9th of June in a green sedan driven by defendant.

The state introduced in evidence the information, warrant of arrest, and judgment and sentence, which revealed that Marshall Lee was convicted in the district court of Seminole county, of the crime of burglary in the second degree, on the 20th day of August, 1925, and was sentenced to the penitentiary for a period of two years. The certified judgment offered in evidence showed his reception by the warden of the penitentiary at Granite.

The state also offered in evidence a certified copy of an information, judgment and sentence of Marshall Lee, in Los Angeles, Cal., where he was charged and convicted of the crime of "burglary, a felony," and sentenced to be punished "by imprisonment in the State Prison of the State of California, at San Quentin, for the term prescribed by law." This was on the 20th day of September, 1927.

The state also offered in evidence Clyde Kaiser, the sheriff of Pontotoc county, who testified to certain statements made by defendant in which he admitted certain prior convictions.

The defendant did not take the witness stand, as he had a right not to do under the law. He offered no witnesses in his own behalf.

It is first contended that error was committed in this case by reason of the opening statement of the county attorney. This statement was that the evidence would show that a few minutes prior to the time defendant entered the home of Mrs. Mullins, he had entered the

home of Roy Keller, and Mrs. J. L. Parker, and Mrs. Parker being awakened he made some inquiry about somebody and walked out. No evidence was offered to substantiate this part of the opening statement. This court, in the case of Shacklett v. State, 23 Okla. Cr. 4, 211 P. 1063, 1065, said:

"In his opening statement to the jury the prosecuting attorney said:

" 'The proof will show that the defendant Bill Freeman entered his plea of guilty and has served his term in the penitentiary.'

"Here defendant's attorney objected, on the ground that Bill Freeman was not present. The court then announced: 'He is going to be present here if an attachment will get him.' It appears, therefore, that it was the intention of the county attorney to have Bill Freeman present to testify in this case. For some reason unknown to us, this testimony was not forthcoming. The purpose of an opening statement of counsel is to apprise the jury of what the respective parties expect to show; the statements so made are in no sense evidence and are not so understood by the jury. Where a statement is made in good faith, as this appears to have been made, and for some cause the witness cannot be procured, such action on the part of the county attorney will not be held reversible error, unless it is done in bad faith or appears to be manifestly prejudicial. 12 Cyc. 570, and cases there cited."

The record in this case fails to reveal why the county attorney did not present this evidence. It was so closely related to the time and offense as charged in the information that it would have been admissible. Mason v. State, 60 Okla. Cr. 427, 65 P. 2d 203.

There is nothing to show that the statement was not made in good faith, and the record does not disclose that it was made in bad faith. From an examination of the whole record in this case, we are of the opinion that defendant was not prejudiced by the statement of the

county attorney. Guest v. State, 56 Okla. Cr. 129, 34 P. 2d 1082.

It is next contended that the court erred in permitting the sheriff of Pontotoc county to testify to a conversation by defendant in which he told the county attorney of previous convictions, for the reason that defendant had been told he would be given certain punishment. In the first place, the county attorney had no right to say what punishment he should receive. This is a matter for the court and jury to pass upon under proper instructions. But the record does not bear out that any promise was made the defendant, and that this matter was not discussed until after defendant had made the statements. The record further reveals that the county attorney refused to talk to defendant except in the presence of the sheriff, and that defendant was advised that any statement made by him could be used against him. His statement was voluntary. The records of the former convictions were introduced in evidence, and any testimony as to statements made by defendant as to prior convictions would be cumulative, and were not at all necessary for the jury to consider in finding defendant guilty.

It is next contended that the record of the previous conviction of defendant in Seminole county should not have been permitted to be introduced for the reason that in one part of the order it provided that: "the said Marshall Lee be confined in the State Penitentiary at McAlester in the state of Oklahoma, for the term of two (2) years," and that it provided further: "It is further ordered, adjudged and decreed by the court that the warden or his deputy, of the State Reformatory at Granite transport said Marshall Lee to the said reformatory at Granite," and that he be confined in accordance with said judgment.

The certificate attached to said judgment reveals that he was transmitted and received by the warden of

the Reformatory at Granite. This error is purely technical, and we see no merit in this contention. The main fact is that defendant was convicted in Seminole county, of the crime of burglary in the second degree, the exact crime with which he was charged in Pontotoc county. It was immaterial whether he served it in McAlester or Granite. The court will take notice that both are state prisons for the confinement of those who have committed felonies.

Certain objections were made to the introduction of the record of the previous conviction of defendant of burglary in the second degree in the state of California. We have carefully examined the record, and the exceptions thereto, and do not find that they are well taken. It is contended that this record should not have been permitted because the state did not prove the law of California, as to what constituted second degree burglary in that state. Oklahoma Statutes 1931, § 1820, 21 Okla. Stat. Ann. § 54, provides:

"Every person who has been convicted in any other state, government or country of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the penitentiary, is punishable for any subsequent crime committed within this state, in the manner prescribed in the last three sections, and to the same extent as if such first conviction had taken place in a court of this state."

The information which was introduced in evidence showed that he was charged with the crime of "burglary, a felony." A certified copy of the judgment and sentence provided:

"It is therefore, ordered, adjudged and decreed that the said Marshall Lee be punished by imprisonment in the State Prison of the State of California at San Quentin, for the term prescribed by law."

This is certainly sufficient to conclude that the defendant was convicted of a felony in that state, and

sentenced to serve a term in the state prison. But regardless of the conviction and sentence in California, there can be no question under the evidence in this case as to defendant's conviction and sentence in Seminole county.

It is further contended by defendant that the court failed to properly instruct the jury as to the law in the case. A complete answer to this contention is that defendant failed to offer any requested instructions which were refused by the court. It is the duty of counsel for a defendant, where he is of the opinion that additional instructions should be given, to reduce them to writing, and request that they be given. If he fails to do so a conviction will not be reversed, unless the court is of the opinion, in the light of the entire record and instructions of the court, that there was a failure to instruct the jury upon some material question of law, and that the defendant has been deprived of a substantial right. Ford v. State, 52 Okla. Cr. 321, 5 P. 2d 170; Williams v. State, 12 Okla. Cr. 39, 151 P. 900; Nance v. State, 43 Okla. Cr. 247, 278 P. 357; Lumpkin v. State, 5 Okla. Cr. 488, 115 P. 478.

We have carefully examined the instructions given, and find that they substantially state the law, and by the instructions given the court properly protected the substantial rights of the defendant. .

It is next urged that the information filed against the defendant was not sufficient under the statutes defining burglary. It may be observed that no demurrer to the information was filed by defendant. This question is raised for the first time on appeal. This court has repeatedly held that this could not be done, and where there is no substantial or jurisdictional error, the court will not consider defendant's demurrer to the information which is raised for the first time on appeal. Hagerty v. State, 22 Okla. Cr. 136, 210 P. 300; McGaugh v. State,

12 Okla. Cr. 96, 152 P. 140; Dew v. State, 11 Okla. Cr. 581, 149 P. 917; Stone v. State, 12 Okla. Cr. 313, 155 P. 701; Simpson v. State, 16 Okla. Cr. 533, 185 P. 116; Hensley v. State, 34 Okla. Cr. 345, 246 P. 886.

We have carefully examined the information and no substantial error is noted. If a demurrer had been filed, and there had been any defect therein, the county attorney would have had an opportunity to amend the same.

Having found no substantial error in the record, and it appearing that defendant received a fair and impartial trial, the judgment of the district court of Pontotoc county is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.