Cordis Taylor GLENN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12628.

Criminal Court of Appeals of Oklahoma.

Nov. 5, 1958.

Rehearing Denied Dec. 31, 1958.

Second Rehearing Denied Feb. 25, 1959.

Daniel Bassett, Bartlesville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., James H. Laughlin, County Atty., Bartlesville, for defendant in error.

NIX, Judge.

Cordis Taylor Glenn, plaintiff in error, hereinafter referred to as the defendant, was charged by information with Manslaughter, First Degree, after having been previously convicted of a felony. The defendant was found guilty by the jury who assessed his punishment at 10 years in the penitentiary.

An unusual set of facts form the basis of this action. The evidence reveals that during the course of a 3 day drinking spree at the home of the defendant, a few miles south of Bartlesville, Oklahoma, the de-

ceased met his death at the hands of the defendant. The testimony reveals a re-enactment of the ancient story of William Tell. The facts show that during the party which lasted over the weekend, there was considerable target practice performed with a .22 pistol and a .22 rifle. All persons in attendance participated. The defendant, at the invitation of the deceased, attempted to shoot a ball cap from the head of the deceased. The bullet missed its mark and entered the deceased's skull in the mid-top of his head. The deceased died from the wound a short while thereafter.

The evidence proves that the defendant and the deceased were close friends and had been for years; that there was no argument or animosity between them.

The state based its charge of manslaughter, first degree, upon the theory that the defendant, without a design to effect death, but while engaged in the commission of a misdemeanor, in violation of Title 21 O.S.A. § 1279:

"It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons either in anger or otherwise,"

did produce the death of the deceased.

Title 21 O.S.A. § 711, says:

"Homicide is manslaughter in the first degree * * * When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor."

Since the defendant did not testify, we can only assume that he takes the position as stated in his brief where defense counsel contends that the death of the deceased, Lloyd Massey, was occasioned by accident and misfortune; that the incident was solicited and demanded by the decedent, and fully consented to by him, and that defendant committed no unlawful act, and by virtue of defendant's theory of the case, the defendant was entitled to certain instructions which were not given and thereby defendant had been denied substantial rights.

Defendant's first assignment of error is based upon the failure of the court to give an instruction on manslaughter, 2nd degree, and any lesser and included offense. A close examination of the instructions does not reveal that such an instruction was given. Neither was there a request made by defense counsel that such an instruction be given, or an exception taken as to this point. There would have been merit to defendant's contention had a request been made, but in absence of a request we must assume that defendant was satisfied with the instructions as to this question. This court has approved in a long line of cases the law established in Williams v. State, 12 Okl.Cr. 39, 151 P. 900:

"If upon the trial of a criminal case special instructions are desired by the defendant, he is required by the provisions of our Code of Criminal Procedure to present in writing to the court the instructions desired, and it is not error for the trial court to omit to instruct upon every possible question under the defendant's theory of the case, when he has not requested such instruction."

In the body of the opinion the court said in part:

"Upon the record before us counsel for plaintiff in error have not properly raised the question. Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that we are permitted to reverse a conviction, whether or not an exception has been taken in the trial court."

Also see Ford v. State, 52 Okl.Cr. 321, 5 P.2d 170; Adams v. State, 62 Okl.Cr. 167, 70 P.2d 821; Lee v. State, 67 Okl.Cr. 283, 94 P.2d 5.

In the absence of any request for such an instruction and no exceptions taken, the trial court did not err in his failure to so instruct.

 The counsel for defense in the instant case did request three instructions which were refused by the trial court. They were as follows:

"You are instructed that if you entertain in your minds a reasonable doubt as to whether or not the killing of deceased was accidental or occasioned by misfortune in the doing of a lawful act by lawful means with usual and ordinary care and caution and without any unlawful intent, then it is your duty to resolve said doubt in favor of the defendant, and return a verdict of not guilty.

"You are instructed that if you find that defendant pointed the rifle in question, not at the person of the deceased, but at some other object, than you must find defendant not guilty and acquit him. Moreover, if you entertain any reasonable doubt that defendant intended to point the rifle at the person of deceased, you must return a verdict of not guilty.

"You are instructed that if you find that defendant pointed the gun in response to deceased's request, or invitation, or with his consent, or if you have a reasonable doubt of the contrary being true, then you must return a verdict of not guilty, unless you further find that such pointing alone amounted to a disturbance of the peace and dignity of the State."

In this connection it is well to state that this court is thoroughly familiar with the defendant's right to have the jury instructed upon every material issue of the law and to his theory of defense. We are likewise bound by previous decisions of this court as was said in the case of Manning v. State, 7 Okl.Cr. 367, 368, 123 P. 1029:

"It is not error for the trial court to refuse to give a requested instruction although it may be a correct statement of the law, if the principles therein contained have already been given in the general instructions."

Also, see Hamilton v. State, 38 Okl.Cr. 62, 259 P. 168.

 We found by a review of the instructions that the first two requested instructions were sufficiently covered in the instructions given by the trial court numbers 3, 9 & 10:

"No. 3. The law presumes the defendant to be innocent and not guilty of the acts charged in the Information, and innocent of each and every act and intention necessary to constitute the crime with which he is charged. This presumption of innocence is an abiding and substantial part of the law of the land, and should go with the defendant all through the trial and until it is closed, and until such time, if ever, as the evidence, facts and circumstances in the case prove to your satisfaction beyond a reasonable doubt, the defendant's guilt.

"No. 9. You are told that homicide is excusable when committed by accident and misfortune when doing any lawful act by lawful means with usual and ordinary caution and without any unlawful intent.

"No. 10. You are told that if you find from the evidence, beyond reasonable doubt, that the defendant, Cordis Taylor Glenn, did, on or about the date and place alleged in the Information, make an assault in and upon one Lloyd 'Chuck' Massey by means of a deadly weapon had in the hands of the defendant and being intentionally, unlawfully and wrongfully pointed by the defendant at the said Lloyd 'Chuck' Massey, and that the defendant did shoot and discharge said weapon at and into the body of Lloyd 'Chuck' Massey, and that the said Lloyd 'Chuck' Massey received wounds thereupon from which wounds the said Lloyd 'Chuck' Massey did die, then and in that event you should find the defendant guilty of

manslaughter in the first degree. Unless you should so find or if you entertain a reasonable doubt thereof, you should find the defendant not guilty and acquit him."

As to requested instruction No. 3, we cannot agree that this is a correct statement of the law. We cannot subscribe to the theory that an invitation or request to violate the law would absolve the defendant of criminal liability. The instructions given appear to present a fair statement of the material issues of the law, and the court did not commit error in refusing to give the requested instructions.

Defendant further contends that the trial court erred in admitting over objections, a photograph of the deceased, taken by the sheriff, which photograph depicted the decedent lying on the floor partially covered with a quilt in defendant's home, the place of the shooting. The picture showed two state witnesses, Norma Bennett and a Mr. Young, kneeling over the deceased. Defense contends that the picture was of no probative value but was intended by the state to inflame the jury. The photograph in question was introduced in connection with the testimony of the undertaker and the sheriff. Evidently the picture was used to establish the body as that of the deceased. The ambulance driver identified the body as the one he picked up at the home of the defendant on the date in question. The sheriff of Washington County identified the body in the picture as that of Lloyd Massey, the deceased. The state no doubt felt obligated to prove that the body removed was that of 'Chuck' Massey, the deceased, when the defendant was charged with the killing. Also the photo presented cumulative evidence that Norma Bennett and a Mr. Young were present. The picture itself is not, in the opinion of this court, gruesome or ghastly or of such design as to inflame the jury or arouse their passion.

■ Although it is error to receive in evidence gruesome photographs of a homicide victim, designed primarily to arouse the passions of the jury, such photographs are admissible when they are relevant to the issues before the court and their probative value is not outweighed by the danger of prejudice to the defendant.

■ Whether the probative value of a particular photograph outweighs its possible prejudicial effect is a question to be resolved by the trial court in the exercise of its judicial discretion. This court will only interfere when it appears that the trial court's discretion was abused.

■ This case presents a most unfortunate occurrence, evidently the result of a drinking spree and the utter disregard of all rules of caution and safety. The defendant and the deceased were beyond doubt, close friends. The evidence does not remotely suggest an intent upon the part of the defendant to take the life of his good friend. However, the statute prohibiting the pointing of a gun at another individual, loaded or unloaded, in anger or otherwise, was designed to forbid just such things from happening. Even though this court may sympathize with the position in which the defendant by his own folly, has placed himself, we cannot ignore the fact that the defendant was given a fair trial in his own county before a jury of his peers. He was ably represented by counsel. The jury was in a much better position to observe the witness and analyze the testimony than is this court who must go only by the record. The jury found the defendant guilty and assessed his punishment at 10 years in the Oklahoma State Penitentiary, which was the minimum under the circumstances of having had a previous felonious conviction.

The court has found no reason to modify or reverse said cause.

The judgment and sentence of the lower court is hereby affirmed.

BRETT, P. J., and POWELL, J., concur.