Martin Ben **QUICK**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–365.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1974.

Loyd L. Benson, Frederick, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Linda E. Frye, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Martin Ben Quick, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tillman County, Case No. CRF–72–53, for the offense of Larceny of an Automobile, After Former Conviction of a Felony. His punishment was fixed at fifteen (15) years' imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial the State called as its first witness Tony Flores, an employee of the Frederick Motor Company. This witness identified the pickup in question and stated that on June 20, 1972, he assisted in closing and got the keys out of the pickup and left it in front of the Frederick Motor Company.

Jerry Heap, General Manager of the Frederick Motor Company, testified that on the evening in question he returned with one Bill Moran, from out of town, and observed the suspect vehicle driving out of Frederick in a suspicious manner. He and Moran pursued the vehicle, apprehended it and the defendant, and returned him to Frederick to the sheriff and police department. Heap further identified the defendant as the person whom he apprehended on the evening in question and testified that the pickup truck had been "hot wired." Heap had not sold this pickup to anyone nor had permission been given to anyone to drive it.

The State next called Paul Schrick, Assistant Police Chief of Frederick, who testified that on the evening in question he received the defendant from Jerry Heap and took him to the hospital for treatment, after which he returned to the police station, retrieved a suitcase out of the back of the pickup, marked it for identification, and put it in their property vault. The Chief of Police also identified the defendant.

Defendant's first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. See Turner v. State, Okl.Cr., 479 P.2d 631 (1971) and Jones v. State, Okl.Cr., 468 P. 2d 805 (1970).

■ Defendant's second proposition asserts that he was bound over at the preliminary hearing on the charge of Larceny of an Automobile and therefore cannot be tried on the charge of Larceny of an Automobile, After Former Conviction of a Felony. The record before this Court does not bear out this fact. The preliminary Information charges the defendant with the crime of Larceny of an Automobile and the second page of the Information charges the defendant with an After Former Conviction of a Felony. Further, the preliminary magistrate entered the following order on the second page of the preliminary Information:

"It appearing to me that the offense named in the within complaint mentioned, to-wit: Larceny of an Automobile after former conviction of a felony, has been committed and that there is sufficient cause to believe that the within named Martin Ben Quick guilty thereof, I order that he be held to answer to same. Present Bond continued. Dated this 6th day of February, 1973.

Harrison Roe
Associate District Judge"

We therefore find this assignment of error to be without merit.

■ Defendant's third assignment of error alleges that the trial court erred in refusing his requested instruction concerning the second stage of the trial.

We have carefully reviewed the defendant's requested instruction and the instruction given by the trial court and find the trial court's instruction substantially covered the defendant's requested instruction. In the case of Glenn v. State, Okl.Cr., 333 P.2d 597 (1958), this Court held in Syllabus 3:

"It is not error for the trial court to refuse to give a requested instruction if the principle therein stated is already covered in the general instructions and likewise not error to refuse to give a requested instruction if it is an incorrect statement of the law."

■ Defendant's final proposition asserts that the punishment imposed is excessive. In the case of Roberts v. State, Okl. Cr., 473 P.2d 264 (1970), this Court held in Syllabus 2:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

In the instant case, we note that the punishment assessed is well within the limits provided by law. Further, we have carefully reviewed the entire record, including the District Attorney's closing arguments, and find no error that would justify modification.

It is therefore our opinion that the judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.