UNITED STATES, Appellee,

v.

Specialist Four Joe W. HENDERSON,
SSN 494–70–2973, United States
Army, Appellant.

CM 438928.

U. S. Army Court of Military Review.

24 June 1980.

Major Charles A. Byler, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, and Captain Terrence L. Lewis, JAGC.

Captain Lawrence W. Fitting, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Robert B. Williams, JAGC.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

The controversy on this appeal surrounds appellant's conviction of knowingly receiving approximately 30 stolen field jackets (Specification 2 of Charge I) and some 1,200 pieces of stolen silverware (Specification 3 of Charge I) in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).[1]

The question to be resolved is whether the appellant's participation in the larceny of the field jackets and silverware was of

---

1. Appellant also was convicted of unlawfully selling the field jackets and silverware, all of which were military property of the United States, in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908 (1976). In addition, he pleaded guilty to unauthorized absence from 4 April to 31 May 1979. The military judge, sitting as a general court-martial, sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for 18 months, and reduction to the grade of Private E–1. The sentence having been approved by the convening authority, our review is pursuant to Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b) (1976).

such a character as to make his receipt of the stolen property a part of the theft itself rather than properly constituting the separate offense of receiving stolen property.[2] As to the offense of receiving stolen property, paragraph 213$f$(14) of the Manual for Courts-Martial, United States, 1969 (Revised edition), provides that, "[w]hile an actual thief is not criminally liable for receiving the property he has stolen, one who may be criminally responsible as a principal to the larceny, when not the actual thief . . . can be convicted of knowingly receiving the stolen property under Article 134."

The evidence shows that appellant was in league with three soldiers who performed duty in a Central Issue Facility, where military property was received and prepared for reissue. In pursuance of their scheme, one or more of the three would pack field jackets into laundry bags containing ten each, place the bags into a laundry cart, cover the top with field jacket liners so that the contents would appear to be bound for the laundry, and wheel the cart to a walkway within the facility, from which point the appellant, entering from outside, could quickly remove the bags from the cart and take them away. He took the bags off the post, sold the field jackets to a dealer in Army surplus supplies, then returned and divided the proceeds with his three confederates working in the Central Issue Facility. The same modus operandi was followed with respect to the silverware, which was packed in boxes containing approximately 400 pieces each. Consistent with his confession to a criminal investigation agent, the appellant was convicted of receiving and selling six bags of field jackets and three boxes of silverware.

The appellant argues that these facts establish that he was an "actual thief," not merely a statutory principal by virtue of accessoryship, because his asportation of the goods was essential to completion of the larceny. We disagree.

■ Larceny of the field jackets and silverware was complete when the soldiers having custody over them moved them to another part of the premises with felonious intent, concealing them so that the appellant could have ready and undetected access to them. *See Rainwater v. United States*, 443 F.2d 339 (5th Cir. 1971) (per curiam); *Groomes v. United States*, 155 A.2d 73 (D.C. 1959); *C. E. v. State*, 342 So.2d 979 (Fla. App.1976); *cf. United States v. Padilla*, 374 F.2d 782 (2d Cir. 1967) (theft from interstate commerce under 18 U.S.C. § 659); *see also*, 50 Am.Jur.2d *Larceny* § 19 (1970); 52A C.J.S. *Larceny* §§ 4, 6b (1968); Annot., 144 A.L.R. 1383, 1385–86 (1943); Annot., 19 A.L.R. 724, 726–27 (1922).[3]

The military judge made a special finding that, during the period in question, appellant and the others were engaged in a conspiracy to steal and sell the Government property involved.[4] This, says the appellant, citing *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed.2d 1489 (1946), makes him liable as a principal.

■ *Pinkerton* indeed holds that a party to a continuing conspiracy may be responsible for a substantive offense committed by his coconspirator even in the absence of evidence that he participated therein. *Accord*, Manual for Courts-Martial, *supra*, par. 160 third paragraph. Nevertheless, whether the appellant be viewed as responsible for the larcenies on that basis or as an aider

2. *See generally*, 66 Am.Jur.2d *Receiving Stolen Property* § 11 (1973); 76 C.J.S. *Receiving Stolen Goods* §§ 14a–c, 19 (1952); Annot., 136 A.L.R. 1087 (1942).

3. To the extent that *United States v. Escobar*, 7 M.J. 197 (C.M.A.1979), appears to suggest a contrary result, we note that a continuation of the original asportation (in fact by the same asportant) was involved. *Shacklett v. State*, 23 Okl.Cr. 4, 211 P. 1063 (1923), also cited by appellant, is to the same effect. Here, on the

other hand, the property had been secured in a place where the perpetrators could and did appropriate it to their own use. *See United States v. Seivers*, 8 M.J. 63, 65 (C.M.A.1979).

4. Hence, he held, statements of the others in furtherance of the conspiracy were admissible against the appellant. Manual for Courts-Martial, United States, 1969 (Revised edition), par. 140*b*.

or abettor under Article 77 of the Uniform Code of Military Justice, 10 U.S.C. § 877 (1976) (he was not charged with larceny on either theory), he was not, in our view, an "actual thief" within the meaning of the rule stated in paragraph 213$f$(14) of the Manual. He was not present and did not assist in the actual larceny of the property; the goods were already stolen when he received them. *Cf. United States v. Ford*, 12 U.S.C.M.A. 3, 30 C.M.R. 3 (1960) (accused purchasing property from supply clerk).

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge FOREMAN concur.